IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ZYNAMICS GmbH f/k/a SABRE SECURITY GmbH, a German corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ROLF ROLLES III and <br> ROLF ROLLES III CORPORATION, a North Carolina corporation, <br><br> Defendants. | Civil Action No. 1:07-CV-288 <br><br><br><br><br> **CONSENT JUDGMENT** |

THIS MATTER came on to be heard and was heard by the undersigned United States District Court Judge for the Western District of North Carolina upon the Plaintiff's and the Defendants' jointly seeking entry of this Consent Judgment. Based upon the Court file and upon the parties' stipulations and admissions as set out and consented to herein, the Court makes the following findings of fact, by consent of the Defendants and the Plaintiff:

1. Plaintiff Zynamics GmbH f/k/a Sabre Security GmbH is a German corporation with a principal place of business at Grosse Beckstr. 3, 44787 Bochum, GERMANY. Zynamics changed its name from Sabre Security GmbH to Zynamics GmbH on or about October 26 2007, after filing this action but before entry of this Consent Judgment. This Consent Judgment shall refer to Plaintiff as "ZYNAMICS" during all periods, including those periods preceding the October 26, 2007 name change.

2. Defendant Rolf Rolles III ("Mr. Rolles") is an individual with an address at 101 Shady Lane, Athens, AL 35613, USA.

1

3. Defendant Rolf Rolles III Corporation ("the Rolles Corporation") is a North Carolina corporation sharing the above address set forth for Mr. Rolles.

4. As used hereinafter, the term "ROLLES" shall refer to Mr. Rolles and/or the Rolles Corporation. ZYNAMICS and ROLLES may hereinafter be referred to in the conjunctive as "the Parties" and in the disjunctive as "a Party."

5. ZYNAMICS is in the business of developing, marketing, and licensing computer software primarily intended to enhance Internet and computer security.

6. ROLLES is in the business of developing, marketing, and licensing computer software.

7. Before November 20, 2004, Mr. Rolles held a license to use the ZYNAMICS software product BinDiff version 1.4 under a "Sabre Security Software License Agreement" providing, in pertinent part, as follows:

> "SABRE Security [ZYNAMICS] reserves any right not expressly granted to you. You own the media which the software is delivered but SABRE Security [ZYNAMICS] retains ownership of all copies of the software itself. The software is protected by copyright law.
>
> The software is licensed on a "per user" basis. Each copy of the software can only be used by a single user at a time. This user may install the software on his office workstation, personal laptop and home computer, provided that no other user uses the software on those computers. This license allows you to …
>
> * reverse-engineer the software.
>
> …

You may not modify, adapt, translate, rent, lease, resell, distribute, or create derivative works based upon the software or any part thereof."

8. Before November 20, 2004, Mr. Rolles did in fact reverse-engineer BinDiff version 1.4 and discovered certain proprietary algorithms, logic, and information contained therein ["the BinDiff 1.4 IP"].

9. On or about November 20, 2004, Mr. Rolles entered into an agreement with ZYNAMICS to develop software for ZYNAMICS ("the Development Agreement"), which included the following paragraph:

"10. Rolf Rolles agrees to keep information that has been made available by SABRE [ZYNAMICS] confidential. Information here means all technical knowledge, processes and documents that are only accessible to a restricted number of people and that SABRE [ZYNAMICS] does not distribute publically [sic]."

10. While discharging his duties under the Development Agreement, Mr. Rolles developed and/or assisted with developing software known as libBinaryAnalysisBase ("Exporter") and libBinaryComparison ("Differ").

11. Exporter and Differ and the internal algorithms and logic therein are hereinafter referred to collectively as "the Software."

12. ZYNAMICS markets software products known as "BinDiff" and "VxClass" that utilize and/or incorporate the Software ("the Software Products").

13. The Software and the Software Products contain certain proprietary algorithms, logic, and information not in the public domain, not generally known, and not readily ascertainable by ZYNAMICS' competitors and customers ("the Proprietary Information").

3

14. While discharging his duties under the Development Agreement, Mr. Rolles also developed and/or assisted with developing software known as libMultiComparisn ("the Multi Software"), which is built on top of Differ and incorporates and appropriates the Differ software code and certain internal algorithms and logic therein.

15. The Multi Software incorporates and appropriates certain trade secrets, proprietary information, internal algorithms, and logic that Mr. Rolles acquired from ZYNAMICS while discharging his duties under the Development Agreement ("the Multi Information").

16. On January 1, 2006, Mr. Rolles formed the Rolles corporation and began conducting his software development, marketing, and licensing business under the auspices of the Rolles corporation, for instance by later establishing and operating a website at www.rolfrolles.info ("the Website").

17. Around the beginning of 2006, ZYNAMICS provided Mr. Rolles with a Dell Precision M20 laptop computer, serial number 2NQ6Z1J ("the Laptop"), for Mr. Rolles to use during the performance of his duties under the Development Agreement.

18. Around the summer of 2006, ZYNAMICS discontinued its contractual relationship with Mr. Rolles and demanded that Mr. Rolles return the Laptop to ZYNAMICS.

19. Mr. Rolles did not return the Laptop to ZYNAMICS.

20. On the Website, ROLLES made certain representations regarding ZYNAMICS products that ROLLES had helped to develop ("the Representations").

21. ZYNAMICS filed a court case ("the American Action") against ROLLES in the Superior Court Division of the North Carolina General Court of Justice of Transylvania County ("the State Court") captioned as *Sabre Security GmbH v. Rolf Rolles III and Rolf Rolles III Corporation*, File No. 07-CVS-290, regarding, for instance, the Laptop and the Representations on the Website.

22. After being personally served with process in the American Action, ROLLES removed the American Action from the State Court to this Court ("the Federal Court"), where the American Action was re-captioned as Civil Action No. 1:07-CV-288.

23. ZYNAMICS also filed a court case ("the German Action") against ROLLES in the Regional Court Bochum, Chamber for Copyright Cases, Westring 8, 44787 Bochum, GERMANY ("the German Court") captioned as *Sabre Security GmbH vs. Rolf Rolles and Rolf Rolles III Corporation*, Aktenzeichen [file reference] - 8 O 199/07 -.

24. ROLLES has been served with process in the German Action but has not answered.

25. In the American Action and the German Action, ZYNAMICS has asserted claims of conversion, trade secret misappropriation, computer trespass, violation of 18 U.S.C. § 1030, unfair or deceptive trade acts, and unjust enrichment against ROLLES, as well as additional claims against ROLLES (collectively "the Claims"), all such claims primarily arising out of the refusal by ROLLES to return the Laptop to ZYNAMICS and the Representations on the Website regarding the rights of ROLLES relative to the Software and the Multi Software, and ZYNAMICS has requested to be granted a wide range of remedies in connection with its claims.

IT IS NOW, THEREFORE, **ORDERED, ADJUDGED, AND DECREED** AS FOLLOWS, BY CONSENT OF THE PLAINTIFF AND THE DEFENDANTS:

1. That ZYNAMICS owns and holds all copyrights, all trade secrets, and all other intellectual property rights in the Software, the BinDiff 1.4 IP, the Multi Information, and the Proprietary Information ("the Intellectual Property"); that ZYNAMICS further owns and holds the exclusive right to grant licenses in and to the Intellectual Property; and that ROLLES does not own or hold any copyrights, trade secrets, or other intellectual property rights or interests, including but not

limited to the right to grant licenses, in the Software, the BinDiff 1.4 IP, the Multi Information, and the Proprietary Information; provided, however, that nothing herein grants ZYNAMICS any copyrights, trade secrets, or other intellectual property rights in, or deprives ROLLES of any rights or privileges to use and/or modify, any best practice methods, industry standard algorithms, or other software code, methods, information, or copyrightable subject matter generally known or readily ascertainable through independent development and/or reverse engineering by third parties who have not received assistance from ROLLES, nor obtained or distributed the Intellectual Property unlawfully, nor engaged in reverse engineering in violation of a licensing agreement;

2. That ROLLES shall be, and are hereby, permanently enjoined and prohibited from acquiring, retaining, using, disclosing, or distributing the Software, the Multi Information, and the Proprietary Information; from modifying, adapting, translating, renting, leasing, reselling, or distributing BinDiff version 1.4 or any BinDiff 1.4 IP; and from renting, leasing, reselling, distributing, or creating derivative works based upon BinDiff version 1.4 or any BinDiff 1.4 IP; provided, however, that nothing herein enjoins or prohibits ROLLES from using and/or modifying any best practice methods, industry standard algorithms, or other software code, methods, information, or copyrightable subject matter generally known or readily ascertainable through independent development and/or reverse engineering by third parties who have not received assistance from ROLLES, nor obtained or distributed the Intellectual Property unlawfully, nor engaged in reverse engineering in violation of a licensing agreement;

3. That ROLLES shall be, and are hereby, ordered and required to surrender and turnover the Dell Precision M20 laptop computer, serial number 2NQ6Z1J, to ZYNAMICS or its counsel of record;

4. That, by consent and agreement of the parties, ZYNAMICS shall have and recover no money damages based upon any conduct alleged in the Complaint preceding the date of this Consent Judgment, and that portion of this Action is dismissed with prejudice;

5. That, within thirty (30) days after entry of this Consent Judgment, ZYNAMICS shall take all action in the German Court and otherwise that is necessary to dismiss or otherwise withdraw the German Action against ROLLES and shall not refile such action;

6. That all claims asserted in this action, to the extent they are not otherwise disposed of in this Consent Judgment, are hereby dismissed with prejudice; and

7. That the parties shall each bear their own attorneys' fees and costs in this action.

Signed: November 28, 2007

Martin Reidinger
United States District Judge

| | WE CONSENT: |
|---|---|
| Dated: 11/27/07 | s/Philip S. Anderson<br>N.C. State Bar Nº 21323<br>Counsel for Plaintiff<br>Long, Parker, Warren & Jones, P.A.<br>P.O. Box 7216<br>Asheville, NC 28802<br>Telephone: 828-258-2296<br>Facsimile: 828-253-1073<br>E-mail: philip@longparker.com |
| Dated: 11/27/07 | s/ David M. Carter<br>N.C. State Bar Nº 8605<br>Counsel for Defendants<br>Carter & Schnedler, P.A.<br>P.O. Box 2985<br>Asheville, NC 28802<br>Telephone: 828-252-6225<br>Facsimile: 828-252-6316<br>E-mail: carter@ashevillepatent.com |